# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TNT GAMING CENTER LLC and TNT FAMILY ENTERTAINMENT, INC., | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:24-CV-1995-K |
| v. | § § | |
| AMERICAN SPECIALTY INSURANCE & RISK SERVICES, INC. ARCH SPECIALTY INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, NANCY WEIS, MICHAEL TRUMBULL, CHRISTIAN AUXIER, NEAL ANDERSON, and CRAWFORD & COMPANY, | § § § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Remand (the "Motion")(Doc. No. 10) filed by Plaintiffs TnT Gaming Center LLC and TnT Family Entertainment, Inc. Defendant Arch Specialty Insurance Company file a Response in Opposition (the "Response") (Doc. No. 23). Plaintiffs filed a Reply (the "Reply") (Doc. No. 29) in further support. The Court has carefully considered the Motion, the Response, the Reply, the relevant portions of the record, and the applicable law. Having considered the allegations in Plaintiffs' state court petition, the Court concludes there is no reasonable basis to predict that Plaintiffs might recover against the non-diverse Defendants Michael Trumbull, Christian Auxier, and Neal Anderson. Accordingly, the Court finds

1

Defendants Michael Trumbull, Christian Auxier, and Neal Anderson were improperly joined which compels their **DISMISSAL without prejudice**. Because the remaining parties are completely diverse in their citizenship and the jurisdictional amount in controversy is met, the Court has subject matter jurisdiction over this matter and hereby **DENIES** Plaintiffs' Motion to remand.

## I.    Factual and Procedural Background

All case documents cited herein are to the CM/ECF assigned page number. Plaintiffs TnT Gaming Center LLC ("TnT Gaming") and TnT Family Entertainment, Inc. ("TnT Entertainment") (together, the "Plaintiffs" or "TnT") own and operate an entertainment center that caters to families and offers an event space, entertainment/gaming center, and restaurant (the "Property"). Doc. No. 1-12 at 4. According to Plaintiffs, they insured the business operations, contents, and building through Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") for TnT Gaming (the "St. Paul Policy") and through Arch Specialty Insurance Company ("Arch") for TnT Entertainment (the "Arch Policy") (together with the St. Paul Policy, the "Policies"). *Id.* at 5.

Plaintiffs allege that, during the coverage periods of the St. Paul policy and the Arch policy, a fire started in a stove at the Property and the building and its contents were damaged by smoke and water as a result (the "Incident"). *Id.* Plaintiffs do not allege the dates of the Policy periods nor do they allege the date of the Incident.

Plaintiffs allege that they reported the loss and filed claims with St. Paul and Arch, respectively.  Plaintiffs claim they have fulfilled their obligations under both Policies.  *Id.*  However, according to Plaintiffs, St. Paul and Arch "refuse to fully pay for the loss and claim" more than one year after the Incident which causes continuing damage to Plaintiffs.  *Id.*

St. Paul assigned Defendant Michael Trumbull as its adjuster for Plaintiffs' claim.  *Id.*  Plaintiffs allege that Trumbull investigated their "loss, claim, and damages" and "represent[ed] to Plaintiffs that if it were up to him, he would pay the claim."  *Id.* at 5, 6.  Plaintiffs allege that "Trumbull and St. Paul have unreasonably delayed" deciding Plaintiffs' claim, repeatedly stating that the fire department's cause and origin report, which was not finalized, was needed to make a decision.  *Id.* at 6.  Because of this, Plaintiffs further allege that "Trumbull and St. Paul" have "illegally ceded" and "surrendered to the fire department" their obligations and duties under the St. Paul Policy "to fully and fairly" and "independently" inspect, adjust, and determine Plaintiffs' claim.  *Id.*

Plaintiffs allege that their claim against the Arch Policy was "adjusted" by Defendants Nancy Weis and American Specialty Insurance & Risk Services, Inc. ("American Specialty"), along with Christian Auxier, Neal Anderson, and Crawford & Company ("Crawford").  *Id.*  Plaintiffs allege that Defendants "Weis/American Specialty/Arch/Auxier/Anderson/Crawford" have "refused to pay the amount stated in their consultants' reports."  *Id.*  Plaintiffs also allege that "Defendants Weis, American

Specialty, Arch, Auxier, Anderson and/or Crawford" retained a professional engineer to inspect Plaintiffs' electrical games and, although the engineer determined that the games including their circuit boards must be replaced, "Defendants Weis, American Specialty, Arch, Auxier, Anderson and Crawford" have not paid for those replacements. *Id.* Plaintiffs go on to allege that "these Defendants" "have ceded" their obligations "to investigate, adjust, and make decisions" on Plaintiffs' claim and have "ignored" information that is "contrary to their pre-determined and outcome-oriented narrative" thereby "violating their duties to objectively adjust and make timely determinations" of Plaintiffs' claims causing them harm. *Id.* 6-7.

Addressing "all Defendants", Plaintiffs allege they "provided ample documentation" numerous times, "allowed unfettered access" to the Property, "and answered all questions asked." *Id.* at 7. Despite all this, Plaintiffs alleges that "Defendants either refused to acknowledge receipt of same, continually claimed they did not receive those items they in fact did receive and/or continually requested the same information multiple times." *Id.* The delay of the "Defendants" determining Plaintiffs' claims is, according to Plaintiffs, a denial of their claims. *Id.* As the result of "Defendants'" delay and failure to decide, Plaintiffs have been unable to reopen the Property and are at risk of losing the Property. *Id.* at 4, 7.

Plaintiffs filed suit against these named Defendants in state court. In their First Amended Petition (the "Petition"), Plaintiffs assert the following claims: (1) vicarious liability and agency against all Defendants; (2) breach of contract against Arch and St.

4

Paul; (3) violations of the Texas Insurance Code against all Defendants; and (4) violations of the Texas Deceptive Trade Practices Act (the "DTPA") against all Defendants. Doc. No. 1-12 at 8-10. Defendant Arch removed the case to federal court under 28 U.S.C. § 1332(a). Doc. No. 1 at 3; *see also id.* at 6 (other Defendants consent to removal), 15-16 (jurisdictional amount in controversy met). In its Amended Notice of Removal, Defendant Arch properly alleged the citizenship of Plaintiffs TnT Gaming (Texas) and TnT Entertainment (Texas) which is completely diverse from that of Defendants Arch (Missouri and New Jersey), American Specialty (Indiana), Weis (Indiana), Crawford (Georgia), and St. Paul (Connecticut) (collectively, the "Diverse Defendants"). Doc. No. 14 at 4-6. Defendant Arch asserts that, although Defendants Trumbull, Auxier, and Anderson (together, the "Non-Diverse Defendants") are all citizens of Texas, they were improperly joined to defeat diversity jurisdiction. *Id.* at 6-16; *see* Doc. No. 1 at 5-15. Because the Non-Diverse Defendants were improperly joined, Defendant Arch argues the Court can disregard their citizenship for purposes of diversity jurisdiction.

Plaintiffs thereafter filed this Motion for Remand arguing, generally, that the Court lacks subject matter jurisdiction. The Motion to Remand is now fully briefed and before the Court for determination.

## II.     Applicable Law

### A.     Motion to Remand and Improper Joinder

Section 1441(a), the federal removal statute, allows the removal of any case brought in state court in which a federal court has original jurisdiction. 28 U.S.C. § 1441(a). In addition to matters involving a federal question, federal courts have original jurisdiction over civil actions between citizens of different States with an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). Section 1441(b) also provides that, in cases removable solely on diversity jurisdiction, the case may be removed "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting § 1441(b)). "Removal statutes are to be construed strictly against removal and for remand to state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (internal quotations omitted).

If removal is premised on improper joinder of a non-diverse defendant, the removing defendant must establish improper joinder in either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Smallwood*, 385 F.3d at 573). When a plaintiff moves to remand, the removing defendant has the burden of persuasion on the improper joinder issue. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219-20 (5th Cir. 2019). Employing the Rule 12(b)(6) standard in its

6

improper joinder analysis, the court accepts "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 220 (internal quotation omitted); *accord Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 304 (5th Cir. 2024). The defendant asserting improper joinder must "demonstrate[] that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Palmquist*, 103 F.4th at 304. (internal quotations omitted). The defendant's burden is "a heavy one" and the court must resolve "any contested issues of facts and any ambiguities of state law" in favor of remand. *Id.* (internal citations omitted).

In making its inquiry, the court focuses "'on the joinder [of the non-diverse defendant], not the merits of the plaintiff's case.'" *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573); *cf. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 206 (5th Cir. 2016) ("In concluding that a plaintiff has not stated a claim against a nondiverse defendant under a Rule 12(b)(6)-type analysis in this context, the federal court decides only that it has jurisdiction over the plaintiff's claims against the diverse defendants—not that the plaintiff does not have a claim at all against the nondiverse defendant."). If, as here, there are multiple non-diverse defendants, the court must remand the entire case if the plaintiff states one viable claim against any one of the non-diverse defendants. *See Williams v. Homeland Ins. Co. of*

*N.Y.*, 18 F.4th 806, 815 (5th Cir. 2021) ("Indeed, we have directed that *any* viable cause of action against a diversity-destroying party requires the entire case to be remanded[.]").

In a small number of cases, the court may "in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. "However, a summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recover against the in-state defendant.'" *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573-74). Here, Defendant Arch does not request the Court conduct such an inquiry.

## III.    Analysis

Plaintiffs move the Court to remand this case because the claims against each of the Non-Diverse Defendants for violations of the Texas Insurance Code and the DTPA have been sufficiently pled. Doc. No. 10 at 18-24. Plaintiffs contend that the pleading standard of Federal Rule of Civil Procedure 8(a) applies here, not the heightened pleading standard of Rule 9(b). *Id.* at 13-15. According to Plaintiffs, insurance adjusters may be individually liable under the Texas Insurance Code and the DTPA and the factual allegations in their Petition fit within the claims asserted under the Texas Insurance Code and the DTPA and satisfy Rule 8's standard. *Id.* at 15-17, 20-26. Therefore, Plaintiffs maintain that they have plausibly alleged at least one claim against one of the Non-Diverse Defendants. Alternatively, Plaintiffs seek leave to amend their Petition if the Court concludes the Petition fails to sufficiently state a

cause of action.  *Id.* at 26.  Because Defendant Arch does not meet its burden to show improper joinder, Plaintiffs argue that subject matter jurisdiction is lacking and remand is required.  *Id.* at 26-27.

Defendant Arch, as the removing defendant, responds that Plaintiffs do not sufficiently allege any claim against the Non-Diverse Defendants.  First, Defendant Arch insists that the applicable pleading standard here is Rule 9(b), not Rule 8(a).  Doc. No. 23 at 10-11.  Next, Defendant Arch contends that Plaintiffs claims against the Non-Diverse Defendants are not viable for several reasons, including that a "multitude" of federal courts have found adjusters cannot be liable under Chapter 541 of the Texas Insurance Code.  *Id.* at 11-15. Even if these claims are viable, the factual allegations in the Petition are insufficient to plausibly state a claim for relief, according to Defendant Arch.  *Id.* at 16-22.  Defendant Arch maintains that Plaintiffs "lump" Defendants together, asserting only "collective" allegations rather than factual allegations specific to the conduct of each of these Non-Diverse Defendants, thereby "making it impossible to ascertain individual liability as to each named defendant."  *Id.* at 16.  Defendant Arch also contends that the Court must disregard Plaintiffs' attempt to "cure these pleading deficiencies" in their Motion with "revised allegations".  *Id.* at 19.  Defendant Arch contends that "[b]ecause Plaintiffs fail to establish a reasonable possibility that they may recover on the causes of action they have alleged against the [non-diverse] Adjusters, they were improperly joined, and the [non-diverse] Adjusters' citizenship should be disregarded for the determination of diversity jurisdiction."  *Id.* at 8.

In their Reply, Plaintiffs maintain that Defendant Arch fails to establish that Plaintiffs have no possibility of recovery against any of the Non-Diverse Defendants on any claim asserted in the Petition. Plaintiffs also argue that their allegations do not improperly lump or group Defendants together, that they did not submit revised allegations in their Motion, and that the Non-Diverse Defendants may be individually liable under Chapter 541 of the Texas Insurance Code.

### A.      Proper Pleading Standard

In their Motion, Plaintiffs assert that the Rule 8 pleading standard applies to all of their claims against the Non-Diverse Defendants (and the other Defendants as well) because none of the claims are fraud-based or grounded in fraud triggering Rule 9(b)'s heightened pleading standard. Doc. No. 10 at 13-14. Defendant Arch insists Rule 9(b)'s heightened pleading standard applies to each of Plaintiffs' claims relating to misrepresentations, those arising under Texas Insurance Code §§ 541.060(a)(1), 541.060(1)-(3), and 541.050(1)(B), and the DTPA. Doc. No. 23 at 12, 15-16. Plaintiffs do not respond to this argument in their Reply.

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). This standard does not demand "detailed factual allegations", but it does call for more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" to satisfy Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading also fails to meet the Rule

10

8(a) standard if it merely presents "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In contrast, the heightened pleading standard of "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *accord Wallace v. Tesoro Corp.*, 796 F.3d 468, 481 (5th Cir. 2015) (confirming that "allegations of fraud must be stated with particularity even if fraud is not an element of the claim."). This heightened standard demands the pleading allege the "who, what, when, where, why, and how the false statements were made and to whom they were made." *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997).

Even under the less stringent standard of Rule 8(a), there is no reasonable basis for the Court to predict that Plaintiffs may be able to recover against any of the Non-Diverse Defendants based on Plaintiffs' Petition. *See Palmquist*, 103 F.4th at 304. Accordingly, the Court declines to decide which pleading standard applies to each of the sections of the Texas Insurance Code and to the DTPA. *But see Perry v. Minn. Life Ins. Co.*, 2023 WL11802193, at *2-4 (S.D. Tex. July 14, 2023) (analyzing which sections of the Texas Insurance Code are subject to Rule 8(a)'s standard and those to which Rule 9(b)'s heightened pleading standard applies).

## B.    Texas Insurance Code Claims

The Court conducts a Rule 12(b)(6)-type analysis in analyzing improper joinder here. *See Int'l Energy*, 818 F.3d at 207. Defendant Arch did not ask the Court to pierce

11

the pleadings to predict whether Plaintiffs have a reasonable basis for recovery under state law against the Non-Diverse Defendants. *See Wilson v. State Farm Mut. Ins. Co.*, 3:20-CV-2965-X, 2022 WL 524793, at *4 (N.D. Tex. Feb. 22, 2022) (Starr, J.) (court noted that defendant State Farm did not "ask[] to go down the *Smallwood* path" of piercing the pleadings to assess Nash and Jones's settlement authority."). Therefore, the Court looks to Plaintiffs' state court Petition to determine whether they plausibly state a claim under state law against any of the Non-Diverse Defendants. *See Int'l Energy*, 818 F.3d at 200 ( quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)) ("To pass muster under Rule 12(b)(6), a complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'").

Plaintiffs allege the Non-Diverse Defendants violated various section of Chapter 541 of the Texas Insurance Code. Defendant Arch argues that adjusters cannot be liable under Chapter 541 and, therefore, Plaintiffs cannot state a viable claim against these Non-Diverse Defendants under specific sections of Chapter 541—541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(4), 541.060(a)(7), 541.061(1)-(3), and 541.051(1)(B). Doc. No. 23 at 11; *see id.* at 11-15. The Court disagrees with Defendant Arch.

Chapter 541 is intended to regulate trade practices in the business of insurance by identifying unfair methods of competition and deceptive practices and prohibiting those acts. *See generally* Tex. Ins. Code § 541.001. To that end, the Texas Insurance Code allows "a person who sustains actual damages [to] bring an action against another person for those damages caused by the other person engaging in an act or practice

defined . . . to be an unfair method of competition or an unfair or deceptive practice in the business of insurance." § 541.151(1). "Person" is defined as an individual or business association "engaged in the business of insurance" and specifically "include[es] an []adjuster." § 541.002(2).

The Fifth Circuit and "the Texas Supreme Court have both recognized that 'Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities.'" *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (quoting *Gasch*, 491 F.3d at 282). However, the Fifth Circuit then acknowledged that courts disagree over which sections of Chapter 541 apply to adjusters. *Id.* at 533-34 (comparing district court decisions). Ultimately, the Fifth Circuit declined to resolve the dispute because the Circuit held that the plaintiff did not allege facts plausibly stating a claim under Chapter 541. *Id.* at 534.

Although there is disagreement amongst courts, this Court has expressly found that adjusters may be individually liable under some of these same provisions of Chapter 541. *E.g., James v. Allstate Fire & Cas. Ins. Co.*, 475 F. Supp. 3d 578, 583 (N.D. Tex. 2020)(Kinkeade, J.) (expressly finding that an adjuster can be individually liable under any act listed in § 541.060); *UGM of Dallas. Inc. v. Harleysville Ins. Co.*, Civ. Action No. 3:22-CV-0607-K, 2022 WL 2345918, at *5 (N.D. Tex. June 29, 2022)(Kinkeade, J.) (same); *see Kirby v. State Farm Lloyds'*, 663 F. Supp. 3d 656, 666 (N.D. Tex. 2023)(Lindsay, J.) (finding that adjusters may be individually liable under Chapter 541). Moreover, "in the context of a motion to remand, the split in authority

13

regarding the scope of an insurance adjuster's liability under Tex. Ins. Code must be resolved in favor of remand." *Grand Hotel Hosp. LLC v. Certain Underwriters at Lloyd's of London*, Civ. Action No. 3:17-Cv-2820-B, 2018 WL 1932829, at *3 (N.D. Tex. Apr. 24, 2018)(Boyle, J.) (quoting *Roach v. Vehicle*, Civ. Action No. 3:15-CV-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016)(Fish, S.J.)). For these reasons, the Court concludes that the Non-Diverse Defendants can be liable under Chapter 541.

Because individual liability is available under Chapter 541, the Court now inquires whether there is a reasonable basis for the Court to predict that Plaintiffs might be able to recover against one of the Non-Diverse Defendants. *See Kirby,* 663 F. Supp. 3d at 666. Plaintiffs allege that the Non-Diverse Defendants violated numerous provisions of the Texas Insurance Code—specifically, § 541.051(1)(B), § 541.060(a)(1), § 541(a)(2)(A), § 541.060(a)(3), § 541.060(a)(4), § 541.060(a)(7), § 541.061(1), § 541.061(2), and § 541.061(3). Doc. No. 1-12 at 9-10. Although an adjuster may be individually liable under Chapter 541, the adjuster must nevertheless "have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Caruth v. Chubb Lloyd's Ins. Co. of Tex.*, Civ. Action No. 3:17-CV-2748-G, 2018 WL 1729136, at *3 (N.D. Tex. Apr. 9, 2018)(Fish, S.J.).

The Court has reviewed the allegations in the context of the Plaintiffs' Petition as a whole, taking all well-pleaded facts as true for purposes of the Court's analysis.

For the following reasons, the Court concludes that Defendant Arch met its burden of establishing the Non-Diverse Defendants were improperly joined.

### 1. Defendant Trumbull

Plaintiffs' Petition includes the following allegations as to Defendant Trumbull:

> Despite providing Trumbull/St. Paul the items requested and inspecting/investigating the loss location and other items on various occasions, Trumbull and St. Paul have failed to make a determination and failed to fully pay TnT's claim, effectively denying the claim. This failure comes despite Trumbull representing to Plaintiffs that if it were up to him, he would pay the claim.
>
> Trumbull and St. Paul have unreasonably delayed the culmination of Plaintiffs' claim, continually representing to Plaintiffs that they could not make a decision without the cause and origin report being finalized by the fire department. Trumbull and St. Paul have, in effect, surrendered to the fire department their undisputed duties to independently adjust and make a determination on Plaintiffs' fire loss and claim. These Defendants have illegally ceded their legal responsibility and obligation to fully and fairly inspect, investigate, adjust and make a timely determination on Plaintiffs' claim and loss to others.

Doc. No. 1-12 at 5-6. These allegations fail to provide enough factual support to plausibly state a claim under sections 541.051, 541.060, or 541.061 of the Texas Insurance Code.

Courts have found there is no reasonable basis to predict recovery against an adjuster when the plaintiff fails to allege facts specifically attributable to the adjuster and distinct from the insurance company. *Baird v. Sullivan*, 2019 WL 13210549, at *7 (E.D. Tex. Mar. 27, 2019) (collecting cases); *see, e.g., Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 647 (E.D. Tex. 2013); *Cedar Point Condominiums v. Everest Indem. Ins. Co.*, 2017 WL 9400751, at *5 (W.D. Tex. Oct. 16, 2017) ("This Court has likewise

15

held that petitions that fail to differentiate conduct and claims between the adjuster and the insurer generally fail to state a claim."). Here, the majority of the factual allegations involving Defendant Trumbull are asserted as to both him and Defendant St. Paul. *See Helayas Logistics LLC v. Stineman*, 2020 WL 1939187, at *5 (E.D. Tex. Apr. 22, 2020) (allegations against non-diverse defendants with the insurance company "were insufficient to provide a reasonable basis for recovery against the Non-Diverse Defendants.").

Plaintiffs allege that they gave Defendants "Trumbull/St. Paul" all the information and items requested and these Defendants "inspect[ed]/investigat[ed]" the Property multiple times, but they have not decided the claim and, therefore, not paid it. Doc. No. 1-12 at 5. Plaintiffs then allege that Defendants "Trumbull and St. Paul" have delayed the determination (and, thus, payment) of Plaintiffs' claim "continually representing" that the fire department's "cause and origin report" must be finalized before they could decide the claim. *Id.* at 6. Plaintiffs concluded by alleging these "Defendants have illegally ceded their legal responsibility and obligation to fully and fairly inspect, investigate, adjust and make a timely determination on Plaintiffs' claim and loss to others." *Id.*

As an initial matter, Plaintiffs do not allege that Defendant Trumbull made this statement regarding the fire department's report. *See Heleyas Logistics*, 2020 WL 1939187, at *5. Even so, Plaintiffs fail to provide sufficient factual allegations how this statement is actionable under any Texas Insurance Code claim Plaintiffs assert.

16

Plaintiffs do not allege that this is an incorrect statement, that it is a misrepresentation or is contrary to a specific policy provision, or that it resulted in an inadequate investigation, inspection, or adjustment by Defendant Trumbull. of Plaintiffs' claims unreasonable or not in good faith. The remainder of these allegations regarding delay of payment, receipt of requested information, multiple inspections of the Property, and "illegally ced[ing] their legal responsibility and obligation" are merely conclusory allegations or boilerplate assertions reflective of statutory language.

Unlike the bulk of these allegations, Plaintiffs do allege that Defendant Trumbull individually stated, "that if it were up to him, he would pay the claim." But Plaintiffs fare no better with this allegation because they fail to allege how they relied upon or were damaged by this statement or how it was a misrepresentation or otherwise actionable under any provision of the Texas Insurance Code pled in the Petition. *See also Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, 2017 WL 3448190, at *5 (W.D. Tex. Aug. 10, 2017) (finding the plaintiff's misrepresentation claim failed for, among other reasons, the plaintiff's failure "to allege how it relied upon or was damaged by [the adjuster's] alleged misrepresentation.").

Plaintiffs fail to provide factual allegations of specific conduct attributable to Defendant Trumbull that would substantiate a violation of the Texas Insurance Code as alleged by Plaintiffs. *But see Gibson v. Liberty Ins. Co.*, Civ. Action No. 3:16-CV-3099-B, 2017 WL 3268028, at *7-8 (N.D. Tex. July 31, 2017)(Boyle, J.) (discussing specific allegations the plaintiffs made as to each of the adjusters related to their investigation,

17

adjustment, and inspection of the plaintiffs' fire-damage claim). Accordingly, Plaintiffs' allegations as to Defendant Trumbull do not provide a reasonable basis for the Court to predict that Plaintiffs might recover against Defendant Trumbull on any one of their Texas Insurance Code causes of action. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 312 (5th Cir. 2002).

### 2.    Defendants Auxier and Anderson

Plaintiffs plead even less factual content of conduct specific to Defendants Auxier and Anderson in the Petition. Plaintiffs allege the following:

> On behalf of Arch, Weis/American Specialty and Auxier/Anderson/Crawford "adjusted" TnT's loss, claim and damages. . . . However, Weis/American Specialty/Arch/Auxier/Anderson/Crawford refused to pay the amount stated in their consultants' reports. . . . But Defendants Weis, American Specialty, Arch, Auxier, Anderson, and Crawford have not paid for replacement.
> Defendants Weis, American Specialty, Arch, Auxier, Anderson, and/or Crawford also hired a professional engineer to inspect the electrical games, and, likewise, concluded that TnT's electrical games and their printed circuit boards required replacement. Despite these admissions, no money has been paid for any contents by these Defendants, including the electrical games which are critical to TnT's operations. These Defendants, on numerous occasions, have ignored the information in their file that is contrary to their pre-determined and outcome-oriented narrative, violating their duties to objectively adjust and make timely determinations on claims, causing immense harm to Plaintiffs. These Defendants, much like Trumbull and St. Paul, have ceded their indisputable obligation to investigate, adjust and make decisions on Plaintiffs' loss and claim to others.

Doc. No. 1-12 at 6-7.

Plaintiffs allege no facts specific to Defendant Auxier or Defendant Anderson to support any cause of action under the Texas Insurance Code asserted by Plaintiffs. *See Griggs*, 181 F.3d at 699. Even assuming these are not merely conclusory allegations or

legal conclusions, Plaintiffs refer to a group of six Defendants in alleging this conduct. There is simply no differentiation between the individual actions, if any, of Defendants Auxier and Anderson, the actions of Defendant Arch as the insurer, the actions of the diverse Defendants (Weis, American Specialty, and Crawford), or the actions of all these Defendants. *See Baird v. Sullivan*, 2019 WL 13210549, 7 (E.D. Tex. Mar. 27, 2019) (finding the plaintiff's allegations "fail to allege any specific conduct that could support a claim against" the four adjuster-defendants "either individually or collectively" where the plaintiff alleged the adjusters were agents of the insurance company or "alleges facts that are grouped indiscernibly against 'Defendant,' 'Defendants,' or 'Defendants Great Lakes Insurance, McClelland & Hine, Inc., Gloria Valdez, The Littleton Group and Rosalia Trojanowski.'"). To be sure, Plaintiffs' "failure to allege actionable conduct specifically attributable to" Defendants Auxier or Anderson versus this group of Defendants generally, "further underscores that the petition provides no basis on which this Court can glean that a reasonable possibility of recovery from [Defendants Auxier and Anderson] exists under state law." *Lotuleilei v. Spinnaker Ins. Co.*, Civ. Action No. 3:23-CV-1980-L(BK), 2023 WL 9790061, at *4 (N.D. Tex. Dec. 21, 2023), *rec. adopted by*, 2024 WL 779259 (Feb. 26, 2024)(Lindsay, J.). Based on the allegations in Plaintiffs' Petition, there is no basis for the Court to reasonably predict that Plaintiffs may be able to recover against Defendant Auxier or Defendant Anderson under any of these provisions of the Texas Insurance Code.

### C.    DTPA

Plaintiffs also assert claims against the Non-Diverse Defendants for violations of the DTPA—TEX. BUS. & COMM. CODE § 17.46(b)(2), § 17.46(b)(5), and § 17.46(b)(12). Doc. No. 1-12 at 9-10. These claims are derivative of Plaintiffs' Texas Insurance Code claims which the Court found did not survive the Rule 12(b)(6)-type analysis for improper joinder. Therefore, Plaintiffs' DTPA claims against the Non-Diverse Defendants also fail. *See Caruth*, 2018 WL 1729136, at *4 (citing *Mainali Corp. v. Covington Specialty Ins. Co.*, Civ. Action No. 3:15-CV-1087-D, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015)(Fitzwater, J.)).

### D.    Plaintiffs' Request to Amend

In their Motion, Plaintiffs request leave of the Court to amend their Petition. Doc. No. 10 at 26. The Court **denies without prejudice** Plaintiffs' request. The Court's ruling does not prevent Plaintiffs from moving to amend their Petition, pursuant to Rule 15, to allege more specific facts. *See* L. Civ. R. 15(b); *see also* 28 U.S.C. § 1447(e) ("If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

### E.    Dismissal of Non-Diverse Defendants

This case is before the Court solely on diversity jurisdiction. Because "a court never has jurisdiction over a nondiverse party," the court has "limited authority" to consider whether a nondiverse party is properly or improperly joined. *Int'l Energy*, 818

20

F.3d at 209.  "When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Id.*  To be sure, the dismissal of an improperly joined nondiverse party is based solely on a lack of subject matter jurisdiction over that party.  *Id.* at 210 ('[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance.").

It is undisputed that the Non-Diverse Defendants, citizens of Texas, share the same citizenship as Plaintiffs which would destroy the Court's diversity jurisdiction. Because the Non-Diverse Defendants have been improperly joined, the Court **dismisses** Defendants Trumbull, Auxier, and Anderson **without prejudice**.

The Court concludes that each of the remaining Defendants are completely diverse in their citizenship from each of the Plaintiffs.  Therefore, the Court has subject matter jurisdiction over this matter.  Because lack of subject matter jurisdiction is the only basis for Plaintiff's Motion for Remand, the Court **denies** the Motion.

III.  **Conclusion**

The Court concludes that there is no reasonable basis to predict that Plaintiffs might recover from the Non-Diverse Defendants for the claimed violations of the Texas Insurance Code or the DTPA.  Accordingly, Defendant Arch met its burden of demonstrating the Non-Diverse Defendants were improperly joined and the Court **dismisses without prejudice** Defendants Michael Trumbull, Christian Auxier, and Neal Anderson.

Having dismissed the Non-Diverse Defendants, the Court **denies** Plaintiffs' Motion to Remand because Plaintiffs are completely diverse in their citizenship from Defendants Arch, American Specialty, St. Paul, Nancy Weis, and Crawford.

**SO ORDERED.**

Signed December 10th, 2024.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

22