IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TNT GAMING CENTER LLC and TNT FAMILY ENTERTAINMENT, INC., § § § | | |
| Plaintiffs, § § | | |
| § | Civil Action No. 3:24-CV-1995-K | |
| v. § § | | |
| AMERICAN SPECIALTY INSURANCE & RISK SERVICES, INC., ARCH SPECIALTY INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, NANCY WEIS, MICHAEL TRUMBULL, CHRISTIAN AUXIER, NEAL ANDERSON, and CRAWFORD & COMPANY, § § § § § § § § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Arch Specialty Insurance Company's Opposed Motion to Abate Pending Examinations Under Oath (Doc. No. 4) and Appendix in support (Doc. No. 5) (together, the "Motion to Abate"). Plaintiffs TnT Gaming Center LLC and TnT Family Entertainment, Inc. filed a Response (the "Response") (Doc. No. 36) and Defendant Arch Specialty Insurance Company ("Arch") filed a Reply (the "Reply") (Doc. No. 29). The Court has carefully considered the Motion, the Response, the Reply, the relevant portions of the record, and the applicable law. The Court concludes that: (1) the policy includes provisions that clearly and unambiguously require Plaintiff TnT Family Entertainment, Inc. ("TnT Family") to submit its

1

representatives to an examination under oath ("EUO") on Arch's request, to fully cooperate with Arch, and to comply with all policy terms before being able to file suit against Arch; (2) these policy provisions are valid under Texas law; and (3) Arch made its requests for EUOs prior to Plaintiffs filing this lawsuit. Accordingly, the proper remedy is to abate this lawsuit pending completion of the EUOs. For these reasons, the Court **GRANTS** the Motion to Abate and, hereby, **ABATES** this matter pending completion of the EUOs of Plaintiff TnT Family's representatives.

I.   **Factual and Procedural Background**

All case documents cited herein are to the CM/ECF assigned page number. The Court recites only those portions of the background that are relevant to its determination of the Motion to Abate.

Plaintiffs TnT Gaming Center LLC ("TnT Gaming") and TnT Family (together, the "Plaintiffs" or "TnT") own and operate an entertainment center that caters to families and offers an event space, entertainment/gaming center, and restaurant (the "Business"). Doc. No. 1-12 at 4. According to Plaintiffs, they insured the real property of the Business for TnT Gaming through Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") (the "St. Paul Policy") and the Business personal property for TnT Family through Arch (the "Arch Policy") (together with the St. Paul Policy, the "Policies"). *Id.* at 5. The effective dates of the relevant Arch Policy are November 14, 2022, to November 14, 2023. Doc. No. 4 at 2 (citing Ex. A-1).

Plaintiffs claim that, on May 18, 2023, the building and the contents of the Business were damaged by smoke and water because of a kitchen fire (the "Incident"). Doc. No. 1-12 at 5; Doc. No. 36 at 4.  Plaintiffs contend that they initiated insurance claims with St. Paul and Arch for the building and its contents on May 19, 2023.  Doc. No. 36 at 4.  In a letter dated November 27, 2023, Arch requested, among other items, "dates for the examinations under oath of" TnT Family's representatives and owners, Teresa Walles and Kendall Walles and advised Plaintiffs of their obligations under the Policy and the potential consequences of their failure to respond or comply.  Doc. No. 5-3 at 2, 6-7.

In multiple subsequent emails, Arch repeated its requests for EUOs with Teresa Walles, a TnT Family representative.  *See, e.g.,* Doc. Nos. 5-4, 5-5, 5-6.  According to their own timeline, Plaintiffs did not attempt to schedule the EUOs until they retained an attorney who then contacted Arch in April 2024 about available dates.  Doc. No. 36 at 7.  Plaintiff TnT Family and Arch scheduled he EUOs of Teresa Walles and Kendall Walles for June 18, 2024.  Doc. No. 5-10; *see* Doc. No. 5-1 at 4.  On June 14, 2024, Plaintiffs filed this lawsuit in state court, then on June 16, 2024, Plaintiffs' counsel informed Arch that Teresa Walles and Kendall Walles would not submit to the scheduled EUOs.  Doc. No. 4 at 4-5; *see generally* Doc. No. 1-5.

Arch removed this case on August 5, 2024, *see generally* Doc. No. 1, and one week after removal, Arch filed the Motion to Abate on August 12, 2024. Doc. No. 4. Thereafter, Plaintiffs filed a motion to remand arguing lack of diversity jurisdiction

3

(Doc. No. 10) and the Court, having reviewed *sua sponte* its jurisdiction, entered an order (Doc. No. 11) identifying jurisdictional deficiencies with Arch's Notice of Removal. In light of the jurisdictional issues raised, the Court stayed the responsive briefing on the Motion to Abate. Doc. Nos. 31 & 32. On December 10, 2024, the Court issued its memorandum opinion and order finding diversity jurisdiction exists and, therefore, denying Plaintiffs' motion to remand. Doc. No. 33. That same day the Court reset the briefing scheduling for the Motion to Abate. The responsive briefing was recently completed and the Motion to Abate is ripe for determination.

## II.     Applicable Law

### A.     Motion to Abate

Sitting in diversity, this Court applies Texas law. *See Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015). No federal statute or rule expressly permits motions to "abate", but federal courts have discretion to entertain such motions. *See HB Park Apts, LLC v. State Auto. Mut. Ins. Co.*, 2023 WL 186866, at *2 (E.D. Tex. Jan. 13, 2023) (citing *PJC Bros., LLC v. S & S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.1 (S.D. Tex. 2010)); *see also Hub Tex., LLC v. Arch Specialty Ins. Co.*, Civ. Action No. 5:21-CV-180-H, 2021 WL 12289166, at *2 (N.D. Tex. Nov. 9, 2021)(Hendrix, J.) (abatement permitted under Texas law). "[A] federal court's decision to abate a case is an exercise in comity towards state law." *Hub Tex.*, 2021 WL 12289166, at *4.

"Under Texas law, the general rules of contract interpretation govern a court's review of an insurance policy." *Martin Res. Mgmt.*, 803 F.3d at 768. Accordingly, the court must give the plain language of the insurance policy full effect when the parties' intent may be determined from the plain language. *Delta Seaboard Well Servs., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 602 F.3d 340, 343 (5th Cir. 2010). "A policy is not ambiguous if 'the policy language has only one reasonable interpretation.'" *Martin Res. Mgmt.*, 803 F.3d at 768.

Courts in Texas have consistently held that insurance policy cooperation clauses and provisions requiring the insured to submit to an examination under oath are valid conditions precedent. *See Hub Tex.*, 2021 WL 12289166, at *2 (collecting state cases); *Cooper v. Metro. Lloyds Ins. Co. of Tex.*, Civ. Action No. 3:17-CV-1640-L, 2018 WL 620206, at *3 (N.D. Tex. Jan. 30, 2018)(Ramirez, M.J.) (collecting federal and state cases). These types of clauses and provisions "are 'clear and unambiguous' in entitling the insurer 'to have the [conditions precedent] followed and the underlying suit abated until the completion of [those conditions].'" *Cowan v. Sentry Ins. a Mut. Co.*, Civ. Action No. 4:17-CV-0437-O-BP, 2017 WL 3394185, at *3 (N.D. Tex. July 19, 2017)(Ray, M.J.); *see HB Park Apts*, 2023 WL 186866, at *2 ("In the case of an insurer trying to enforce a condition precedent . . . a proper remedy is abatement—or a stay of the proceedings—rather than barring the claim.") (internal quotations and citation omitted).

### III.     Analysis

In its Motion to Abate, Arch requests the Court abate this case until the EUOs of Plaintiff TnT Family's representatives are completed. Doc. No. 4 at 8. Arch specifically asserts that the Policy contains a valid and enforceable EUO provision that Plaintiff TnT Family must comply with as a condition precedent to filing suit against Arch, the requests for EUOs were made prior to Plaintiffs filing this lawsuit, and Plaintiff TnT Family never submitted its representatives for EUOs; therefore, in accordance with the well-established case law, the remedy is abatement of this matter. *Id.* at 5-9.

Plaintiffs respond that Arch is not entitled to abatement of the case because, generally, its "conduct is unreasonable, inequitable and Arch has failed to comply with Section 542.055 *et seq.* of the Texas Insurance Code and its own policy in not timely accepting or rejecting the claim and further violated its own insurance policy in failing to pay the mortgage-holder/lender in accordance with the policy it issued to [Plaintiff] TNT Family." Doc. No 36 at 9; *see also id.* at 14-15. Plaintiffs contend that because Arch breached its own Policy provisions, it cannot demand Plaintiff TnT Family perform under the Policy and, moreover, Plaintiff TnT Family is relieved from any further performance, including submitting to the EUOs. *See, e.g.*, Doc. No. 36 at 12-13. Plaintiffs also assert that Arch has no right to EUOs because that request must be "reasonable" pursuant to the Policy language and, given its conduct and inaction, Arch's request cannot be considered reasonable. Plaintiffs also insist that Arch may

6

take depositions in this lawsuit and, according to Plaintiffs, Arch fails to explain why depositions would not be a sufficient substitute for EUOs. *See, e.g., id.* at 13-14. Finally, Plaintiffs note that Arch could have, but did not, attend the EUOs conducted by St. Paul and, even so, Arch has those transcripts "at its disposal." *Id.* at 15; *see id.* at 11.

In its Reply, Arch argues that Plaintiffs are essentially asking the Court to make factual determinations regarding the reasonableness and/or timeliness of Arch's investigation, which is a merits determination and not appropriate at this stage. Doc. No. 38 at 2-3. Arch maintains that these Policy provisions are valid and enforceable conditions precedent, that Plaintiffs did not comply with Arch's pre-suit EUO requests prior to filing suit, and, therefore, abatement is appropriate. *See, e.g., id.* at 4. Arch emphasizes that it is entitled to conduct its own investigation, which includes EUOs, that is separate and apart from that of St. Paul (which independently insured only Plaintiff TnT Gaming), and courts have repeatedly found that depositions are not appropriate substitutes for EUOs when the request is made before suit is filed. *Id.* at 5-8.

The Court agrees with Arch. The Arch Policy provides, in relevant part, the following with respect to a loss:

> 4. Examination—"You" must submit to examination under oath in matters connected with the loss as often as "we" reasonably request and give "us" sworn statements of the answers. If more than one person is examined, "we" have the right to examine and receive statements separately and not in the presence of others. . . .

7

>    9.  Cooperation—"You" must cooperate with "us" in performing all acts required by the Commercial Output Program coverages.

Doc. No. 5-2 at 63-64.

The Policy further explains that, in addition to the other Policy terms, certain conditions apply, including, as relevant here, the following:

> 12. Suit Against Us—No one may bring a legal action against "us" under this coverage unless:
>     a.   all of the "terms" of the Commercial Output Program coverages have been complied with; and
>     b.   the suit has been brought within two years after "you" first have knowledge of the loss.

*Id.* at 68-69.

It is well-established that these "Suits Against Us" provisions, EUO provisions, and cooperation clauses are valid. *See HB Park Apts*, 2023 WL 186866, at *3; *Cowan*, 2017 WL 3394185, at *3 (clauses that provide the insurer is entitled to have the condition precedent followed prior to the insured filing suit are "clear and unambiguous"). "To be a 'condition precedent,' the contract must provide that the event 'must happen or be performed before a right can accrue to enforce an obligation.'" *HB Park Apts*, 2023 WL 186866, at *2. When an insurer seeks to enforce a condition precedent that the insured failed to comply with, the appropriate remedy is to abate or stay the matter. *Id.* at *3. "Courts have consistently held that when an (1) insurance policy contains an EUO provision, (2) the policy conditions the insured's right to file a lawsuit on compliance with the terms of the policy, and (3) the insurer makes a

8

request for an EUO prior to the commencement of the suit, the action should be abated." *Id.* (collecting cases).

On this record, Arch has shown that the clear and unambiguous language of the Policy requires Plaintiff TnT Family to submit to EUOs when requested by Arch and to fully cooperate with Arch before suit may be filed, that these provisions are valid under Texas law, that Arch made multiple requests to Plaintiff TnT Family for EUOs months before Plaintiffs filed this suit, and that Plaintiff TnT Family wholly failed to comply with these conditions precedent. *See id.* (the party seeking abatement bears the burden of proof). On this showing, the Court in its discretion **grants** Arch's Motion to Abate. *See id.* at *4 ("[T]he Cour elects to exercise its discretion to abate this case, just as countless other district courts in Texas have done in similar situations.") (collecting cases).

Plaintiffs do not dispute that the Policy contains these clear and unambiguous provisions requiring Plaintiff TnT Family to submit to EUOs on Arch's request and to fully cooperate before Plaintiff TnT Family can file suit against Arch. Plaintiffs further do not dispute that Plaintiff TnT Family did not submit its representatives for EUOs as requested by Arch beginning in November 2023, more than six months prior to filing this lawsuit in state court in June 2024. Plaintiffs assert instead that Arch is not entitled to abatement. However, Plaintiffs' arguments on this point are not persuasive nor are they supported by legal authority to disregard the clear and unambiguous Policy language. *See e.g., HB Park Apts*, 2023 WL 186866, at *4 (observing that federal courts

have consistently rejected the argument that depositions are a substitute for EUOs) (collecting cases); *Hub Tex.*, 2021 WL 12289166, at *5 (the court rejected the insured's argument that continuing damage or harm to the property necessitated filing suit without submitting to the requested EUO, emphasizing that this does not "change the Policy's text or the fact that [the plaintiff] failed to comply with it."); *see also* Doc. No. 36 at 7 (Plaintiffs' timeline entry for April 5, 2024); Doc. No. 36-5 (April 5, 2024, email from Arch's attorney to Plaintiffs' counsel that St. Paul does not agree to joint EUOs).

The Court finds that (1) the Policy includes provisions that clearly and unambiguously require Plaintiff TnT Family Entertainment, Inc. ("TnT Family") to submit its representatives to an examination under oath ("EUO") on Arch's request, to fully cooperate with Arch, and to comply with all policy terms as conditions precedent to filing suit against Arch; (2) these policy provisions are valid under Texas law; and (3) Arch made its requests for EUOs prior to Plaintiffs filing this lawsuit. The Court further finds that Plaintiffs do not submit any valid reason for why Plaintiff TnT Family should be excused from complying with these provisions. Therefore, the Court, in its discretion, concludes that abatement of this case is appropriate, "accords with the longstanding practice of Texas's state courts and thus advances the interests of comity that undergird this Court's exercise of diversity jurisdiction." *Hub Tex.*, 2021 WL 12289166, at *4.

III.  **Conclusion**

Because Arch met its burden of proof in moving for abatement, the Court **grants** Arch's Opposed Motion to Abate Pending Examinations Under Oath (Doc. No. 4).

The Court hereby **ABATES** this case. Plaintiff TnT Family SHALL submit its representatives for EUOs as requested by Arch pursuant to the Policy.

Plaintiffs and Arch are **DIRECTED** to file a joint status report **by May 19, 2025**, informing the Court whether the EUOs of Plaintiff TnT Family's representatives have been completed.

**SO ORDERED.**

Signed March 11th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE